IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CMH MANUFACTURING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-456 |
| ) | |
| BBC DISTRIBUTION, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff filed its three-count complaint on September 30, 2005, alleging breach of contract, breach of implied warranties, and violation of the Tennessee Consumer Protection Act ("TCPA") [doc. 1]. On November 10, 2005, defendant filed a third-party complaint [doc. 6]. Each of the five counts therein (breach of contract, breach of implied warranties, TCPA, indemnity, and attorney fees) are expressly and wholly contingent on an adjudication of liability against defendant/third-party plaintiff in the original action [doc. 6, ¶¶ 20-21, 24, 26-27, 30-31, 34-35, 37].

By one-paragraph notice dated January 22, 2008, the parties advised that they mediated this case on December 18, 2007 [doc. 48]. The notice stated that mediation resolved all issues between plaintiff and defendant/third-party plaintiff, but that the third-party claims had not been resolved.

All parties then filed a two-paragraph agreed order of dismissal on March 12, 2008 [doc. 49]. The agreed order provided in material part that plaintiff and defendant/third-party plaintiff "have entered into a binding agreement for the settlement of all matters in controversy between them in this action," but that the third-party complaint "has not been settled. . . . This order does not dismiss and has no bearing on [the] third-party action . . . and does not affect the current scheduling-order deadlines and trial date."

District courts have broad discretion to dismiss a third-party complaint after settlement of the original action from which the third-party claims derived. *See, e.g., Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). "[I]t is rare that a court . . . dismisses the underlying action but nonetheless chooses to address a third-party claim." *Id.* Accordingly, by show cause order entered March 12, 2008, the court within its discretion afforded the remaining litigants an opportunity to explain why the third-party action should not be dismissed [doc. 51]. Therein, attention was expressly directed to the *Zurich* opinion.

On March 24 and 25, 2008, the third-parties responded to the show cause order. Third-party defendant argues that *Zurich* is directly on point and that dismissal is warranted [doc. 54]. Third-party plaintiff argues against dismissal because (1) the remaining parties are diverse, and (2) if dismissed "the suit would most likely be refilled [sic] in federal court anyway" [doc. 52]. Third-party plaintiff completely misses the point.

The diversity of the remaining parties does not remedy the problem. The third-party complaint asks only for indemnification "in the unlikely event" that third-party plaintiff is found liable by the court or a jury under one or more counts of the original complaint. Such is the nature of a third-party action, which must be dependent on the outcome of the main claim. *See id.* The original complaint, however, has settled under terms unknown to the court, with no finding of defect, breach, or liability. The third-party complaint is thus now meaningless on its face, irrespective of the diversity of the remaining litigants.

The potential refiling of a separate suit also does not remedy the flaws of the third-party complaint in its current form. The possibility of a second lawsuit is not a dispositive consideration. *See id.* at 806.

Again, the court within its discretion and through its show case order has offered third-party plaintiff the opportunity to show why this case should go forward. In its response, third-party plaintiff chose not to take advantage of that opportunity. It did not, for example, attempt to explain how some circumstance of the settlement might be relevant to the court's jurisdiction. More striking, third-party plaintiff never sought leave to amend the third-party complaint, *see id.* at 804, even though the original action has been settled for more than three months. "The district court [is] not required to *sua sponte* understand that [third-party plaintiff is] asking for something other than what it had requested in its complaint." *Id.* at 806-07.

Through its show cause response, third-party plaintiff has left the court with (1) a third-party complaint of no clear remaining vitality, (2) a complex pending dispositive motion [doc. 31] on myriad issues that may or may not still be relevant, and (3) and an impending jury trial on unknown issues. The court will not permit this case to go forward on those terms. Therefore, within the court's discretion, *see Zurich*, the third-party complaint and this case as a whole are **DISMISSED**.

**IT IS SO ORDERED**:

ENTER:

s/ Leon Jordan
United States District Judge

ENTERED AS A JUDGMENT
s/ *Patricia L. McNutt*
PATRICIA L. McNUTT
CLERK OF COURT